IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) **Criminal No. 3:12CR187** ) |
| GLEN B. CUNNINGHAM, | ) ) |
| Defendant. | ) ) |

### GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE

COMES NOW the United States of America, by and through its counsel, Neil H. MacBride, United States Attorney for the Eastern District of Virginia and by G. Wingate Grant and Michael C. Moore, Assistant United States Attorneys, and respectfully moves the Court to enter a preliminary order of forfeiture pursuant to Fed.R.Crim.P. 32.2(b)(1)(A).

### Background

The defendant, Glen B. Cunningham (defendant), has been convicted on his guilty plea to a criminal information that charged Bank Fraud, in violation of 18 U.S.C. § 1344. Pursuant to 18 U.S.C. § 982(a)(2) and Rule 32.2 of the Federal Rules of Criminal Procedure, the criminal information notified the defendant that upon conviction of the offense in the criminal information, he shall forfeit to the United States his interest in any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation, including, but not limited to, the sum of at least $1,539,991.00 and any assets which may be directly forfeitable as proceeds or subject to forfeiture as a substitute asset.

**Legal Argument**

**Forfeiture is Mandatory**

The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 982(a)(2), which provides that the court, in imposing sentence on a person convicted of an offense of section 1344 "shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly."

The clear language of the aforementioned statute reflects the mandatory nature of forfeiture once the factual predicates have been met. *See, e.g., Alexander v. United States*, 509 U.S. 544, 562 (1993) ("A RICO conviction subjects the violator not only to traditional, though stringent, criminal fines and prison terms, but also mandatory forfeiture under [section] 1963."); *United States v. Monsanto*, 491 U.S. 600, 606 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied . . ."); *United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000) (*Corrado I*) (forfeiture is a mandatory aspect of the sentence; district court erred in refusing to order forfeiture of "sufficiently quantifiable" proceeds of a RICO offense); *United States v. Johnson*, 199 F.3d 1015, 1022 (9th Cir. 1999) (criminal forfeiture is mandatory and designed to ensure that a defendant does not profit from his crimes); *United States v. Hendrickson*, 22 F.3d 170, 175 (7th Cir. 1994) (criminal forfeiture for money laundering under § 982(a)(1) is mandatory); *United States v. Maxwell*, 189 F. Supp. 2d 395, 399 n.2 (E.D. Va. 2002) (because criminal forfeiture is mandatory, the primary issue before the court is not whether to issue a forfeiture order, but its size and scope); *United States v. Poulin*, 690 F. Supp. 2d 415, 420 (E.D. Va. 2010), *aff'd*, 461 F. App'x 272, 2012 WL 130753 (4th Cir. 2012) ("The plain language of the statute provides that such forfeiture is

mandatory").

As recited in the Criminal Information and Statement of Facts, the defendant used the proceeds of the bank fraud to purchase two real properties in Virginia Beach, Virginia. (Documents 3 and 10). SunTrust Mortgage, Inc. has a security interest in each property and is in the process of foreclosing on the properties. As a bona fide purchaser for value, SunTrust Mortgage, Inc's interest in the properties will trump a forfeiture. *See* 21 U.S.C. §853(n)(6). Accordingly, the proceeds of the bank fraud offense are not available to the United States for forfeiture.

**Monetary Judgment**

A. **Authority of the Government to Seek a Money Judgment**

When property subject to forfeiture as proceeds of the offense is not available, the government may seek a money judgment for the value of those unavailable proceeds. *See, e.g., United States v. Misla-Aldarondo,* 478 F.3d 52, 73-74 (1st Cir. 2007) ("If the Government has proven that there was at one point an amount of cash that was directly traceable to the offenses, and that thus would be forfeitable under 18 U.S.C. § 982(a), that is sufficient for a court to issue a money judgment, for which the defendant will be fully liable whether or not he still has the original corpus of tainted funds—indeed, whether or not he has any funds at all."); *United States v. Vampire Nation,* 451 F.3d 189, 202 (3rd Cir. 2006) (expressly rejecting the argument that a forfeiture order must order the forfeiture of specific property; as an *in personam* order, it may take the form of a judgment for a sum of money equal to the proceeds the defendant obtained from the offense, even if he no longer has those proceeds, or any other assets, at the time he is sentenced; such a construction of the statute is consistent with the mandatory nature of criminal

forfeiture and the provision in section 853 directing courts to liberally construe its provisions to effectuate their remedial purposes); *Poulin,* 690 F. Supp. 2d at 425 (concluding that use of term "property" in 18 U.S.C. § 982(a)(7) pertaining to health care fraud permits entry of a money judgment for the amount of proceeds defendant obtained; any other reading would eviscerate the statute); *see also United States v. Amend*, 791 F.2d 1120, 1127, n.6 (4th Cir. 1986) (assets subject to forfeiture need not be in existence at the time of conviction).

In *United States v. Day*, 524 F.3d 1361, 1377-1378 (D.C. Cir.), *cert. denied*, 129 S.Ct. 295 (2008), the District of Columbia Circuit held: "We now join our sister circuits and hold that money judgments are appropriate in the criminal forfeiture context." Entry of a forfeiture order in the form of a money judgment is routine. The *Day* Court reasoned that "[t]here are two primary reasons for permitting money judgments as part of criminal forfeiture orders." *Id*. at 1378. The Court noted:

> First, criminal forfeiture is a sanction against the individual defendant rather than a judgment against the property itself. Because the sanction follows the defendant as part of the penalty, the government need not prove that the defendant actually has the forfeited proceeds in his possession at the time of conviction. Second, permitting a money judgment as part of a forfeiture order, prevents a [convicted defendant] from ridding himself of his ill-gotten gains to avoid the forfeiture sanction.

*Id*. at 1378.

Whether the defendant still has the proceeds of the crime or is insolvent is immaterial. "Requiring imposition of a money judgment on a defendant who currently possesses no assets furthers the remedial purposes of the forfeiture statute by ensuring that all eligible criminal defendants received the mandatory forfeiture sanction Congress intended and disgorge their ill-gotten gains, even those already spent." *United States v. Casey*, 444 F.3d 1071, 1074 (9th Cir.

2006). Allowing a defendant who is insolvent to escape the forfeiture sanction would "frustrate[] the broad remedial purpose of the statute." *Id.; United States v. Croce*, 209 Fed. Appx. 208, 213 (3d Cir. 2006) (following *Vampire Nation*, 451 F.3d at 202, forfeiture order is not limited to the property in the defendant's possession at the time of sentencing; "a contrary position would permit defendants who unlawfully obtain proceeds to dissipate those proceeds and avoid liability for their ill-gotten gains"). [1] Because the proceeds of the bank fraud in this case are not available to forfeit, the government seeks a forfeiture money judgment against the defendant.

**B.     Procedure for Determining Amount of the Money Judgment**

The government's burden to prove the amount of the forfeiture is a preponderance of the evidence. *United States v. Cherry*, 330 F.3d 658, 669-70 (4th Cir. 2003). Fed. R. Crim P. 32.2(b)(1)(A) states that "[i]f the government seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay." *See, e.g., Poulin*, 690 F. Supp. 2d at 421 ("when the government seeks a money judgment, 'the court must determine the amount of money that the defendant will be ordered to pay.'"). The rule also provides that

---

[1] Though Fed. R. Crim P. Rule 32.2(b)(1)(A) specifically permits the government to obtain a money judgment, ("If the government seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay."), the Fourth Circuit appears not to have expressly discussed the concept of a forfeiture money judgment, probably because the concept is so well established as to be deemed routine. *See United States v. Oregon*, 671 F.3d 484, 489 (4th Cir. 2012) (noting that corporation pled guilty to charges and consented to forfeiture money judgment but it did not possess sufficient funds to pay the money judgment); *Poulin*, 2012 WL 130753 at *13 ("Finally, we find no error in the order requiring the forfeiture of substitute property because, as the district court held, *see United States v. Poulin*, 690 F.Supp.2d 415, 431 (E.D.Va. 2010), the government established that the defendant comingled legally and illegally obtained funds."). As explained in the district court opinion in *Poulin*, the substitute property was ordered forfeited in partial satisfaction of a forfeiture money judgment which Judge Davis concluded, after considerable analysis, was authorized. 690 F. Supp. 2d at 430 ("the Court finds that the Government is entitled to a money judgment in the amount of $1,326,852.70, which represents the gross proceeds fraudulently obtained by the Defendant.").

the "court's determination may be based on evidence already in the record, . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Rule 32.2(b)(1)(B); *see also United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (the court may rely on evidence from the guilt phase of the trial, even if the forfeiture is contested; it is not necessary for the Government to reintroduce that evidence in the forfeiture hearing). Because forfeiture is part of the sentencing process, traditional rules of evidence do not apply, allowing the admissibility of hearsay so long as it is sufficiently reliable. *Poulin*, 690 F.Supp. 2d at 421; *United States v. Gaskin*, No. 00-CR-6148, 2002 WL 459005 (W.D.N.Y. 2002) (in the forfeiture phase of the trial, the parties may offer evidence not already in the record; because forfeiture is part of sentencing, such evidence may include reliable hearsay), *aff'd*, 364 F.3d 438 (2d Cir. 2004); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D.Va. 2005) (because forfeiture is part of sentencing, reliable hearsay is admissible to establish the forfeitability of the property).

Pursuant to 18 U.S.C. § 982(a)(2)(A), the Court "shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." In this case, the defendant obtained the sum of $1,539,991.00 as a result of the bank fraud. *See* Criminal Forfeiture Allegation in Criminal Information (Document 3). As that figure represents the value of the property constituting proceeds of the offense, it is necessarily the amount of the money judgment which the Court must impose. *See United States v. Nicolo*, 597 F. Supp. 2d 342, 350 (W.D.N.Y. 2009) (applying the "but for" test: all property defendant received as a consequence of a fraud scheme is forfeitable). In other words, "proceeds" means money or other property that would not have been

obtained or retained but for the commission of the crime. Therefore, forfeiture is calculated based on the gross proceeds derived, directly or indirectly from the offense. [2]

If the defendant contests the entry of any forfeiture order, despite the referenced language in his Criminal Information and Statement of Facts, the government proposes that the Court conduct a brief hearing on the forfeiture at the beginning of the sentencing hearing.[3] The government intends to rely on the factual allegations in the Criminal Information, which the defendant has acknowledged with his guilty plea, Statement of Facts, and the legal arguments contained herein. The government may adduce some additional evidence at sentencing, but anticipates that the introduction of any additional evidence would be very brief as the essential facts pertinent to determining the amount of the forfeiture money judgment have already been established.

**Substitute Assets**

Pursuant to 21 U.S.C. § 853(p), the court must also order the forfeiture of substitute assets if the forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value, or has been commingled with other property which cannot be subdivided without difficulty. *United States v. Alamoudi*, 452 F.3d

---

[2] As set out in the Criminal Forfeiture Allegation in the Criminal Information, the actual proceeds of the bank fraud was $1,539,991.00. (Document 3). In the Statement of Facts, the defendant stipulated that the unpaid principal balance on the fraudulently obtained loans was $1,432,943.91 at the time of the stipulation. (Document 10). If the defendant objects that the loan proceeds were an amount other than $1,539,991.00, the government is prepared to prove that amount at sentencing.

[3] "If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty." Fed. R. Crim. P. 32.2(b)(2)(B).

310, 314 (4th Cir. 2006) (the forfeiture of substitute assets is mandatory if the requirements of section 853(p) are met.)   Furthermore, any asset of the defendant may be forfeited as a substitute asset to satisfy a money judgment. *United States v. Weiss*, No. 698CR99ORL19KRS, 2005 WL 1126663 at *6-8 (M.D. Fla. May 6, 2005), *aff'd* 467 F.3d 1300 (11th Cir. 2006).  As explained above, the defendant received $1,539,991.00 in funds from fraudulent bank loans that he used to purchase two properties.  The loans on both properties are in foreclosure, and the net proceeds from the foreclosure will be collected by SunTrust Mortgage, Inc. on its deeds of trust securing the fraudulent loans.  Defendant's statements to the probation officer as reflected in the PSR at page 14, ¶ 43 lists two assets, a retirement account and an investment account, as the only assets of the defendant of any consequence.  If the retirement account is an ERISA protected account, forfeiture of the account may not be an option.  *See United States v. Herrmann*, ___ F. Supp. 2d ___, 2012 WL 5879126 (E.D. Va. 2012) (Ellis, J.) (ERISA's anti-alienation and assignment provision bars criminal forfeiture of protected stock plan); *but see United States v. Infelise,* 159 F.3d 300, 304 (7th Cir. 1998) (defendant's IRA is subject to forfeiture notwithstanding provision in ERISA stating that such accounts are "non-forfeitable").  Because the government can execute a restitution order on an ERISA protected asset[4], the government is not seeking forfeiture of the defendant's retirement account but intends to pursue recovery of that asset through the mechanisms available for the enforcement of a restitution order.  However, the defendant also

---

[4] *See* 18 U.S.C. §3613(a) and (f) ("Notwithstanding any other Federal law . . ., a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . ").  Subsection 3613(f) provides that a restitution order is enforced in the same manner as a fine.  ERISA qualified pension plans are not exempt from garnishment to enforce a restitution order. *United States v. James*, 312 F.Supp. 2d 802, 805-06 (E.D. Va. 2004) ("notwithstanding" preface in §3613(a) is a congressionally created exception to the anti-alienation provision of ERISA).

has an investment account worth approximately $20,000 which constitutes a substitute asset subject to forfeiture. The PSR lists no other assets of consequence. The uncontroverted facts, as told to the probation officer by the defendant himself, establish that the proceeds of the bank fraud offense have been transferred to a third party (Suntrust Mortgage, Inc.) as security for the fraudulent loans.[5] This admission necessarily establishes an element of the test under 21 U.S.C. §853(p) (forfeiture of substitute assets is appropriate if property subject to forfeiture "has been transferred or sold to . . . a third party").

In *Poulin*, Judge Davis explained the procedure that a court should follow when ordering the forfeiture of substitute assets to partially satisfy a money judgment. Essentially, the court held that in order to seize specific assets to partially satisfy a money judgment, the government need only show that 1) the defendant has some interest in the property to be seized, and 2) the value of the items to be seized does not exceed the amount of the money judgment. *Poulin*, 690 F. Supp. 2d at 431. The government has established both of these criteria for the investment account: the defendant told the probation officer he owns the account, and the value of that account, $20,000, is far less than the amount of the money judgment.[6] Accordingly, the Court

---

[5] The government has therefore satisfied the requirements of 21 U.S.C. § 853(p). *United States v. Bennett*, 2000 WL 1505986 (S.D.N.Y. 2000) (government just has to establish that the amount of money subject to forfeiture exceeds the value of the substitute assets). As the statutory requirements have been met, forfeiture of substitute assets is mandatory. *Alamoudi, supra.; United States v. Bollin*, 264 F.3d 391, 423 (4th Cir. 2001) ("Congress requires the forfeiture of *any* other property as substitute assets and again makes no allowance for protections offered under state law.") (emphasis in original).

[6] The Advisory Committee Notes to the current version of Rule 32.2, and specifically to subsection (b)(2)(A) state: "The amendment makes clear that the preliminary order may include substitute assets if the government has met the statutory criteria." Thus the current version of the Rule contemplates that the Court may, in the preliminary order, designate specific property to be forfeited as a substitute asset for traceable property which cannot be located. What was once a

should include in the preliminary order of forfeiture the following asset which was listed in the PSR and in which the defendant has an interest, as a substitute asset subject to forfeiture:

**OptionsXpress Investment Account - approximate balance: $20,000.00**

In accordance with 21 U.S.C. § 853(n), following the entry of the preliminary order of forfeiture, the United States will give notice as provided for by Rule 32.2, Fed. R. Crim. P., to all persons who may have an interest in the assets ordered forfeited. Third parties asserting an interest in any property ordered forfeited will thereafter have thirty (30) days to file a petition with the Court to assert an interest in the property.

## Conclusion

For the foregoing reasons, the United States prays the Court will enter a Preliminary Order of Forfeiture that includes (1) a forfeiture money judgment in the amount of $1,539,991.00 and (2) forfeiture of property which constitutes a substitute asset for proceeds to be applied to the forfeiture money judgment.[7]

---

two step process, may now be accomplished with a single order that 1) determines the amount of a money judgment, and 2) directs the government to seize specific property in partial satisfaction of that judgment. *See United States v. Oregon,* 671 F. 3d at 489, noting that defendant "did not possess sufficient funds to cover the money judgment and, accordingly, the district court, in its preliminary order of forfeiture, ordered forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p)."

[7] The government notes that full restitution is also mandatory in this case. 18 U.S.C. § 3663A(a)(1)(the court imposing sentence for most federal crimes, not withstanding any other provision of law, "shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense . . ."). The court must order restitution in the "full amount of each victim's losses" without regard to the defendant's economic circumstances. 18 U.S.C.§ 3664(f)(1)(A). Restitution is calculated on the victim's loss while forfeiture is based on the proceeds derived from the crime. *See, e.g.,United States v. Navarette*, 667 F.3d 886, 888 (7th Cir. 2012) ("It might seem that a defendant should never have to pay more than his victim's loss, and therefore that a forfeiture order and a restitution order should be considered alternative rather than cumulative punishments. But the cases hold otherwise.")*;*

          Respectfully submitted,

          NEIL H. MACBRIDE
          UNITED STATES ATTORNEY

By:     /s/
          G. Wingate Grant
          Michael C. Moore
          Assistant United States Attorneys
          United States Attorney's Office
          600 East Main Street, Suite 1800
          Richmond, Virginia 23219
          (804) 819-5400
          (804) 771-2316
          Wingate.Grant@usdoj.gov

---

*United States v. McGinty*, 610 F.3d 1242, 1247-48 (10th Cir. 2010) (forfeiture and restitution serve different purposes and both are mandatory; ordering defendant to pay a money judgment equal to the proceeds of his offense and to pay restitution to his victim is not unfair) (collecting cases).

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to all counsel of record.

_____\s\_____
G. Wingate Grant
Michael C. Moore
Assistant United States Attorneys
United States Attorney's Office
600 East Main Street
Suite 1800
Richmond, Virginia 23219
804-819-5400
wingate.grant@usdoj.gov